UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:01CR213(AVC) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ISRAEL ANDUJAR | : | March 17, 2006 |

## UNITED STATES' OBJECTION TO
## NOTICE OF MOTION FOR IMMEDIATE DEPORTATION

On January 30, 2006, the defendant Israel Andujar filed a Notice of Motion For Inmediate (sic) Deportation (Doc. No. 407) in which he states that he "will move this Court...on a date and time to be fixed by and also convenient to the Court, to issue an order granting...Inmediate (sic) Deportation and/or Removal... pursuant to 8 U.S.C. § 1252(h)(2)(a)."  The Court then issued an Order requiring the Government to show cause (Doc. No. 408) on or before April 7, 2006 why the relief requested should not be granted.  A copy of the defendant's motion was also furnished to the Government by the clerk's office.

### Background

The defendant was sentenced principally to 87 months of incarceration on March 14, 2003, following his conviction for distributing crack cocaine in violation of 21 U.S.C. § 841. According to the Bureau of Prisons, Andujar is currently scheduled to be released from jail on February 13, 2008.

The United States objects to the granting of the defendant's motion because it is barred by law.

## **Analysis**

Prior to 1996, the Immigration and Nationality Act ("INA") generally required incarcerated aliens to serve their sentences before being deported (now "removed"). See 8 U.S.C. § 1252(h) (1995) (in relevant part, "An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement."). In the Antiterrorism and Effective Death Penally Act of 1996 ("AEDPA"), Pub.L. No. 104-132, § 438, 110 Stat. 1275 (1996), and again five months later in the Omnibus Appropriations Act of 1997, Pub.L. No. 104-208, Div. C, §§ 305-06, 1996 U.S.C.C.A.N. (110 Stat.) 3009-598, 3009-599, 3009-607, Congress amended § 1252(h)[1] and recodified it at 8 U.S.C. § 1231(a)(4)(B), so that it now grants the Attorney General of the United Stated discretion to depart from the general rule and to remove certain aliens prior to the completion of their terms of incarceration. Section 1231 provides in relevant part:

> (A) ... Except as provided in section 259(a) of Title 42 and [subparagraph (B)], the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment....

---

[1] Before AEDPA, § 1252(h) provided in relevant part: "An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement."

-2-

(B) ... The Attorney General is authorized to remove an alien ... before the alien has completed a sentence of imprisonment --(i) ... if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense (other than certain excepted offenses) and (II) the removal of the alien is appropriate and in the best interest of the United States; ...

> (D) No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1231(a)(4)(A),(B),(D).

Every federal court to consider this provision has determined that the statute vests in the Attorney General the sole discretion and authority to make early removal decisions and that no private right of action for immediate removal exists. See, e.g., United States v. Marin-Castaneda, 134 F.3d 551, 556 (3d Cir. 1998) (addressing the issue in the context of a prisoner's request for downward departure, under United States Sentencing Guideline § 5K2.0, based upon the prisoner's willingness to consent to immediate removal); United States v. Vergara, 133 F.3d 919, 1998 WL 17029 (4th Cir. 1998) (unpublished); Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997)(a convicted alien is not entitled to seek an order of immediate deportation before completing his prison term); United States v. Aispuro, 127 F.3d 1133 (9th Cir. 1997); Koos v. Holm, 204 F.Supp.2d 1099, 1108-09 (W.D.Tenn. 2002); United States v. Bioyo, 1998 WL 850815 (N.D.Ill. 1998); United States v. Lozada, 1996 WL 502200 (E.D.Pa. 1996).

Thus, Andujars' confinement at FCI Elkton until the completion of his term of incarceration does not violate the Constitution or laws of the United States, and he has no private right of action to compel his removal prior to the completion of his term of incarceration. In <u>Thye</u>, the Second Circuit expressly held that "whether or not one is to be deported ... prior to completing a prison term is a matter solely within the discretion of the Attorney General" and the INA "does not create a private right of action that would allow a party to compel the Attorney General to act[.]"  <u>Id</u>. at 128.

In the case at bar, Andujar clearly fails to demonstrate that the two conditions under 8 U.S.C. § 1231(a)(4)(B) have been met before early deportation may be allowed.  First, the Attorney General must determine that the alien is confined for a non-violent offense.  Second, the deportation of the alien must be in the best interest of the United States.  The statute provides the Attorney General with the "sole and unfettered discretion" to deport criminal aliens prior to the completion of their sentence of imprisonment only if these two conditions are satisfied.

Finally, under 8 U.S.C. § 1228, the relief of immediate deportation is implicitly excluded:

> Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

-4-

8 U.S.C. § 1228(a)(3)(B).

In this case, Andujar has not sought or received any determination from the Attorney General concerning his suitability for immediate deportation. The law, moreover, is clear that the defendant has no private right of action, as a convicted alien, to seek his early deportation before serving his complete sentence of imprisonment.

## Conclusion

For the reasons set forth above, the Court should deny the defendant's motion for immediate deportation.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06510
Federal Bar #ct01503

## CERTIFICATION OF SERVICE

This is to certify that the within and foregoing has been sent via first class mail, this _____ day of March, 2006, to:

Israel Andujar
Prisoner No. 14446-014
FCI Elkton
Box 10
Lisbon, Ohio 44432


_____
MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY

-5-